Avery, J.
That section of the statute upon which we are called to put a construction, is in these words:
“ That if any person of the age of fourteen years or upwards, shall be found on the first day of the week, commonly called Sunday, sporting, rioting, quarreling, hunting, fishing, shooting, or at common labor, (works of necessity and charity only excepted,) he or she shall be fined in a sum not exceeding five dollars, nor less than one dollar; provided, nothing herein con *490 tained shall be construed to extend to those who conscientiously do observe the seventh day of the week as the Sabbath, nor to prevent families emigrating, from traveling; watermen from landing their passengers; superintendents or keepers of toll-bridges from attending and superintending the same ; or ferrymen from conveying travelers over the waters, or persons removing their families on such days.”
What is the right construction of the words, in this section, “ at common labor, works of necessity and charity only excepted” ? The act under consideration, which is entitled “ an act for the prevention of certain immoral practices,” begins with an enactment against specified amusements, against quarreling, and against common labor, on the day called Sunday; but it excludes from its operation all such as conscientiously observe the seventh day of the week as the Sabbath. In the bill of rights of our state constitution, it is declared, that religion, morality and knowledge are essentially necessary to good government and the happiness of mankind; but it is there also declared, “ that all men have a natural and indefeasible right to worship Almighty God according to the dictates of conscience; that no human authority can control or interfere with the rights of conscience; * * * that no preference shall be given by law to any religious society or mode of worship.” There is no citizen of the state, who is not familiar with the terms Sunday and Sabbath, used in the act, and with what is known to be the common and religious observance of the day. There is no reason to doubt that the legislature had -power given to them by the constitution, to pass a law prohibiting all persons who do not conscientiously observe another day as the Sabbath, from engaging in sports or labor on that day. Whether the power ought to be exercised, would depend upon their sense of the public good; and in our representative government, it is very certain that they would reflect, in that particular, as in others, the public and general sentiment.
When the law is decided to be within the constitutional power *491 of the legislature, we have next to ascertain their intention, if possible, in passing it, and give effect to such intention.
A similar statute upon this subject in England, has, upon numerous occasions, received a construction in the English courts. The statute is the 29 Car. II, c. 7, sec. 1, and provides, that no tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business or work of their ordinary callings, on the Lord’s day, or any part thereof, works of necessity and charity only excepted j and that every person of the age of fourteen years, offending in the premises, shall forfeit five shillings. The case of Fennel and another v. Riddler, was a decision upon this statute of the 29th Charles. There the court determined that a horse-dealer could not maintain an action for the sale and warranty of a horse, made by him upon a Sunday. Bayley, J., in delivering the judgment of the court, says: “ It (the action) was an action upon the warranty of a horse. The plaintiffs were horse-dealers, and the horse was bought and the warranty given on a Sunday; and the only question was, whether, under the 29th Charles, the purchase was illegal, and the plaintiffs precluded from maintaining the action. * * * That the purchase of a horse by a horse-dealer is an exercise of the business of his ordinary calling, no one can doubt.” In the course of the opinion, he says further: “ Upon the principle that this statute is entitled to such a construction as will promote the ends for which it was passed, that it applies to private as well as public conduct, and that the purchase by the plaintiff was within the mischief intended to be suppressed, and within the words made use of to suppress it, we are of opinion that the plaintiffs cannot maintain the present action.” In this same opinion, Drury v. De la Fontaine, (1 Taun. Rep. 155,) is noticed, which was a case on a private contract for the purchase of a horse, and where Lord Mansfield laid it down that a contract made on Sunday, by any man in the exercise of his ordinary calling, would be void.
In the 4th Bingham 84, is a case — Smith v. Sparrow — *492 in which it was held that an action could not lie on a contract of sale entered into on a Sunday, though entered into by an agent. Our statute prohibits “ common labor; ” the English statute, “ worldly labor, business or work.” Ours uses the terms common labor, with no exception but works of necessity and charity. The English statute has this qualification further, it must be work “ of their ordinary calling; ” and upon this qualification some of the English decisions turn. The construction of the 29th Car. II, is well settled in England; and there a contract made by one in the exercise of his ordinary calling, is void.
In the State of Alabama, a statute is in force forbidding, under a penalty, worldly business or employment, ordinary or servile work, works of necessity or charity excepted; and after enumerating shooting, sporting, etc., adds: “ and no merchant or shop-keeper, or other person, shall keep open store, or dispose of any wares or merchandise, goods or chattels, on the first day of the week, commonly called Sunday, or sell or barter the same,” etc. Under this statute, it has been held, O'Donnel et al. v. Sweeney, 5 Alabama Rep. 467, that a note executed upon the purchase of a horse, on Sunday, cannot be enforced. It was said in that case by the judge giving the opinion of the court — it had been contended in argument that the design of the legislature was to prevent public sales, and had no reference to private contracts; but he says: “We do not think the design of the legislature, in the passage of the act, can be doubted. It was evidently to promote morality and advance the interests of religion, by prohibiting all persons from engaging in their common and ordinary avocations of business or employment on Sunday, unless impelled thereto by necessity, or engaged in acts of charity.” In the 10th Alabama 566, Dodson and another v. Harris and another, the same court decides that, where a horse is sold on Sunday and a note taken on the Sunday, both the contract and note are void. The court in this case refer to several other adjudged cases in the state to the same effect. The language of the *493 statute of Alabama is more comprehensive than that of the 29th Charles, and may be thought to be somewhat more comprehensive uhan ours; whether it is or not, it is more minute and particular in designating the acts prohibited.
But our statute upon this subject, and in regard to the words under examination, “ common labor,” has received an interpretation by this court, which is in point upon the present question. The ease is in 15 Ohio Rep. 225, City of Cincinnati v. Rice. There it was decided, that these words “ common labor,” in the act now under review, embrace the business of “ trading, bartering, selling or buying any goods, wares or merchandise.” A majority of this court believe that that was a sound construction of. the act, and that any other would have been a narrow construction.'
A large number of the states of the Union, have by statute prohibited, under a penalty, both amusements and labor on Sunday; though they have varied in the expressions employed to accomplish the object. Upon principle, where an act is prohibited under a penalty, any contract for the performance of such an act is void. Accordingly, in the reports of many of the states, cases are found, where a contract is declared void, because ic is in violation of a law prohibiting, by some form of expression, labor or business on Sunday..
A majority of the court are of opinion, that an ordinary contract made in the course of business, on a Sunday, is void, and that no action can be sustained, to recover damages for the breach of such a contract; that the contract between these parties, on which the suit was originally brought, is void, because it was made on Sunday.
The judgment of the supreme court for Brown county is reversed.