WILLIAM MONOUGHAN, Plaintiff in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO LAKE.

A party who is under eighteen years of age at the time an offense is committed, should be punished by imprisonment in the county jail.

A jury cannot aggregate the value of property stolen at different times, so as to send a prisoner to the penitentiary.

THIS defendant in error was indicted with three other persons, and convicted in the Lake Circuit Court, of sheep stealing.

The proof showed that on the 11th of December, 1858, two sheep were taken from the yard of one Clark Gale, worth two dollars per head. One Walden Easton lost one sheep the same night. Allen Lanphiere also lost a sheep the same night, worth three dollars. There was proof tending to show that these sheep were traced to the premises where the plaintiff in error resided.

Upon the coming in of the verdict of the jury, the defendant moved the court, MANNIERE, Judge, presiding, for a new trial, on the ground and for the reason that the verdict is against the law and the evidence, as applicable to the case, which said motion said court then and there overruled.

The accused asked and obtained leave of the court. to introduce testimony in relation to his age at the time of the commission of the offense charged in the indictment, to the introduction of which, the People then and there objected.

The court, after hearing evidence touching the age of said defendant at the time of the commission of the offense charged in the indictment, as well on the part of the defendant as on the part of the People, finds: that the defendant at the time of the commission of said offense, as charged in the said indictment, was under the age of eighteen years, and that at the time of the conviction of said defendant he was over the age of eighteen years. Thereupon defendant moved said court to sentence the said defendant to the common jail of Lake county, instead of sentencing him to the penitentiary; to which the People objected, asserting as grounds for such objection, first, that the court has no power under the statute to review the verdict of the jury, and second, because the defendant was over eighteen years of age at the time of his conviction.

The court overruled the motion of said defendant, and thereupon said court sentenced said defendant to one year's confinement in the State penitentiary, at Joliet, to which defendant excepted.

McCarty v. Howell.

M. S. SEARLS, for Plaintiff in Error.

C. HAVEN, District Attorney, for The People.

CATON, C. J. Admitting that the verdict was proper, the prisoner should have been sentenced to the common jail, and not to the penitentiary. At the time when the alleged offense was committed, he was under the age of eighteen years, but was past that age when he was tried and convicted. We entertain no doubt that the true meaning of the statute is, that no one who is under the age of eighteen years when he commits the offense, shall be liable to punishment in the penitentiary. Admitting that there is no doubt that the prisoner is the party who stole the sheep, and that four or even five sheep were stolen, still it is beyond doubt that no more than two sheep were taken at one time, of the value of four dollars. It was not proper for the jury to aggregate the value of the property stolen at several times, for the purpose of finding the value of the property stolen to be over five dollars. A party may be guilty of several larcenies, but if the value of the property taken at any one time amounts to less than five dollars, he is not liable to be sent to the penitentiary.

But more than all this, the evidence is not sufficient in our judgment to justify the conviction of the prisoner at any rate. The most that can be said from this evidence is, that somebody stole the sheep, and that there is some probability that the prisoner was one of those engaged in it. But we think even the decided preponderance of evidence is in favor of his innocence, or rather that there is not a preponderance of evidence in support of his guilt, which is the same thing. In this state of the case we do not think proper to remand the cause for another trial, but shall reverse the judgment, and direct the prisoner to be discharged.

*Judgment reversed.*