## ALBERT SCARVER *v.* THE STATE.

1. LARCENY.  *Successive thefts.  Grand larceny.*
　Where there is one *continuing* transaction the thief may be convicted of the final carrying away, although there may have been several distinct asportations in the view of the law ; but where there are successive larcenies, each complete and distinct, and not constituting one *continuing* transaction, the mere retention and possession by the thief of the fruits of his petit larcenies does not make him guilty of grand larceny.

2. SAME.  *Presumption from possession.*
　There is no presumption that articles found in one's possession were all stolen at the same time, when the evidence shows that they were probably not all taken from the possession of the owner at one time, but at different times.

3. SAME.  *Possession must be recent.*
　Possession of stolen property must be recent to raise a presumption of guilt.

4. INSTRUCTIONS.  *Erroneous, cured by others.*
　The omission from an instruction on the possession of stolen property, that the possession must be recent to raise a presumption of guilt, is cured by another instruction directly on the same subject, containing that qualification.

ERROR to the Circuit Court of Pike County.

Hon. J. M. SMILEY, Judge.

Indictment for grand larceny, in the usual form, alleging that the defendant stole certain small articles of merchandise from Ben. Hilburn & Co., on 21st August, 1876.　The values of the articles, no one of which exceeded four dollars, together

made the sum of one hundred dollars. Plea, not guilty, and trial by jury.

The testimony was, that the store of Ben. Hilburn & Co., merchants, in Summit, Pike County, Miss., had been clandestinely opened, by adroitly raising the bolts, so as to escape observation. The articles mentioned in the indictment were identified, when produced on the trial, as bearing the private mark of Ben. Hilburn & Co., and being their goods from the store, and the values fixed as in the indictment alleged. No witness could say when the articles aforesaid were stolen; but the stealing had been going on in said store from November, 1875, at least, up to Aug. 2, 1876, and it was impossible to say whether said articles were all taken at one time or at different times, or whether enough to constitute grand larceny had been taken at any one time. The articles were found, when the defendant Scarver was arrested, in his trunk and under the bed in his house in Summit, on or about the 2d August, 1876. Scarver had not purchased any of the articles from the store of Ben. Hilburn & Co.

The instructions for the State were : —

" 1. Although the articles may have been taken at different times, yet, if they were all taken by the defendant, and when thus accumulated the entire lot was retained and possessed by him, such detention and possession is a continued asportation of the entire lot."

" 2. The court instructs the jury that where a person has different articles stolen from him, and such articles are all found in the possession of another person, the presumption is that they were all stolen at the same time, and by the person in whose possession they are found."

The foregoing instructions were not qualified by others, except that the jury were informed that the possession of stolen property must be *recent*, to raise the presumption of guilt.

Scarver was convicted of grand larceny, and sentenced to five years' imprisonment in the penitentiary.

*S. E. Packwood*, for the plaintiff in error.

1. On the question whether the crime developed by the testimony was grand or petit larceny, the first instruction could not fail to mislead the jury.

2. No such presumption arises on the facts of this case as that mentioned in the second instruction.

3. The possession of stolen goods must be soon after they are stolen, to raise the presumption of guilt at all.

*G. E. Harris*, Attorney-General, for the State, cited *Mask's Case*, 36 Miss. 77; 39 Miss. 613; 28 Miss. 687; 44 Miss. 731.

CAMPBELL, J., delivered the opinion of the court.

The instructions given for the State (No. 1 and No. 2 in the record) are erroneous: the first, because it announces that successive petit larcenies, when consolidated, constitute grand larceny, which is not true. It is true that, where there is one *continuing* transaction, the thief may be convicted of the final carrying away, although there may have been several distinct asportations in the view of the law; but where there are *successive larcenies*, each complete and distinct, and not constituting one *continuous* transaction, the mere *retention and possession* by the thief of the fruits of his *petit* larcenies does not make him guilty of *grand* larceny.

The second instruction is erroneous, because there is no presumption that articles found in one's possession were "all stolen at the same time," when the evidence shows that they were probably not all taken from the possession of the owner at one time, but at different times. Another objection to this instruction is, that it does not embrace the idea that mere possession must be *recent* to raise a presumption of guilt; but this qualification is contained in another instruction directly on this subject, and that cures this omission.

*Judgment reversed, new trial awarded, and case remanded.*