## THE STATE v. FRANK BROUGHTON.

1. INDICTMENT. *Embezzlement. Unnecessary averments.*

   An indictment properly charging embezzlement is not made demurrable by the statement therein of details which are unnecessary, and which can have no effect, except to render the charge more difficult of proof.

2. SAME. *Surplusage. No effect on indictment.*

   Where one is charged with embezzling money collected by him as agent of a corporation, averments as to the names of the persons from whom it was collected, the failure to enter proper credits on the accounts of such persons, and that the intent was to defraud them also, do not affect the validity of the indictment. They will be treated as surplusage.

3. SAME. *Charging distinct offenses. Unnecessary averments.*

   In such case, although the indictment avers, unnecessarily, that the intent was to injure the persons from whom the money was collected, as well as defendant's employer, the corporation, yet, if it is averred that he was the agent of the corporation, and embezzled its money, it cannot be said that two offenses are charged.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Appellee, Broughton, was indicted for embezzlement. The first count in the indictment was drawn under § 1058, code 1892, and charges with particularity of statement that the defendant, being a clerk in the employ of the Standard Oil Company, with the duty, among other things, of collecting moneys due from customers of said company, and paying over the same to its treasurer, and of crediting the accounts of such customers with the moneys so received from them, by virtue of his employment, received in trust for said company the sum of $3,516.35, this being the aggregate of various amounts paid to him by different persons, which amounts were to be credited on their accounts, and paid over to said company; that said sum of $3,516.35, the personal property

of the said Standard Oil Company, the defendant fraudulently and feloniously made way with and converted to his own use, with intent to defraud the Standard Oil Company and the said persons from whom the money had been collected.

The second count makes very similar averments, and alleges, in addition, the failure of the defendant to pay over the money according to his legal obligation. In each count the names of the persons from whom the collections were made, and the amount received from each, were given.

The defendant demurred to the indictment upon the following grounds, substantially:

1. It charges defendant with intent to defraud the Standard Oil Company and the other parties named, but fails to show that he occupied any confidential relation to such other persons.

2. It charges two or more distinct offenses against the defendant in each count.

3. It seeks to make the guilt of the defendant depend upon his alleged omission to place the amounts collected to the credit of the proper accounts.

From a judgment sustaining the demurrer, the state, in accordance with § 39, code 1892, prosecuted this appeal.

*Gibson, Henry & Vollor*, for appellant.

The matters set forth in the first count as to how the defendant received the money, and what his legal obligation was to do with it, were mere matters showing the *manner* of the embezzlement, and gave the defendant notice of the particulars of the charge he was called upon to meet.

The second count charges him with embezzlement in not paying over the money according to his legal obligation. The other allegations of fact in this count, showing the nature of the conversion and the duties of the employment, are matters germane to the crime charged of failing to pay over the money to the Standard Oil Company.

It cannot be said that two crimes are charged in either count. The defendant was a trustee, and it was his duty to collect and pay over the money to his employer. The law makes his conversion of the money a crime, whether he was actuated by a design to defraud his employer or the persons from whom he made the collections. The charge is that he made way with the money of the company. The unlawful intent constitutes the crime, no matter whom it was the purpose of the defendant to defraud.

*Frank Johnston*, attorney-general, on the same side.

The charge in both counts is embezzlement. Two offenses are not charged. The failure to enter the proper credits was only an incident of the crime of embezzlement. It is impossible that a conviction can be had upon the theory that the defendant was charged with insufficient book-keeping.

All facts connected with the offense should be set out, to advise the defendant of what he is called upon to answer. 2 Bishop on Crim. Proc., §§ 315, 319. The minor averment as to the failure to make proper entries might have been omitted as surplusage, but the accused has no cause to complain that all the circumstances of the offense are set out in the indictment. Mere surplusage will not vitiate an indictment. Whenever it becomes of any consequence, it only requires stricter proof on the trial.

*M. Marshall*, for appellee.

1. The indictment charges the defendant with intent to defraud the Standard Oil Company and other parties, but does not show that he bore to such others any confidential relation. It seeks to confuse the relation that defendant bore towards his employer with that which he bore towards the parties from whom he collected the money. The averment is that they intrusted him with the money, to be paid over to the Standard Oil Company and credited on their accounts, and that he "fraudulently and feloniously secreted,

concealed, made way with, and converted to his own use and benefit, and otherwise embezzled the same, with intent to defraud the Standard Oil Company and the above-named other parties."

It seems to have been the purpose of the pleader to confuse and mislead the jury or provide for the admission of evidence that would prejudice the defendant. The single question to be presented on the first count was whether the accused had embezzled the money of the Standard Oil Company, and it is immaterial whether he credited the accounts of the persons from whom he collected the money. He was not the employe of those persons.

2. The indictment charges two or more distinct offenses against the defendant in each count. Each sets forth the defendant's breach of his obligation to pay over the money, together with his breach of duty to place the money to the credit of the persons from whom he collected it, and each further charges two distinct offenses against the company— one in secreting and embezzling the money, which is based on § 1059, code 1892, and the other in failing to render a proper account of it to the company, based, presumably, on § 1061.

3. The indictment seeks to make the guilt of the accused depend upon his omission to enter upon the proper accounts the amounts alleged to have been collected. He could not be guilty of embezzlement if he accounted for the money, whether he kept the accounts right or not. The averments are misleading, and divert the attention of the jury from the real issue. It is a side, and an immaterial, issue whether he kept the accounts correctly or not. It would be damaging to the accused if bad book-keeping could be proven against him as a means of sustaining the charge of embezzlement. The effect of going to trial on an indictment containing these improper allegations would be to open the door to the question whether the accounts were properly kept, and to divert the attention of the jury from the ques-

tion whether the defendant converted the money of the company.

Under its general power, the court has a right to see that the pleadings are not framed in such way as to mislead or confuse the issue, or to prejudice the accused.

Argued orally by the attorney-general.

WOODS, J., delivered the opinion of the court.

The pleader has encumbered—perhaps obscured—his indictment with a particularity of statement which was unnecessary. He has ventured upon averments which were needless, and may make his prosecution more difficult of successful accomplishment than if he had contented himself in stating the charge laid in the usual brief, simple manner. The evidences of the supposed guilt of the defendant were improperly inserted in the pleading, but this does not vitiate the indictment. All the allegations as to receiving certain sums from certain persons or corporations, and of the failure of defendant to enter the proper credits in the accounts of such persons or corporations with the Standard Oil Company, as well as the conclusion that the intent was to injure these persons or corporations, may be treated as surplusage, and yet we shall find a sufficient charge of embezzlement contained in the pleading. We shall find that the indictment charges that the defendant was the clerk or servant of the Standard Oil Company, and authorized to collect and receive money from its customers and other persons having dealings with it; that by virtue of his said employment he took into his possession and received for his principal $3,516.35, and that he feloniously made way with and embezzled the same, with intent to defraud his employer and to the damage of the Standard Oil Company. These were the essential ingredients of the crime charged, and if the pleader has inserted more unnecessarily, whereby he may ultimately burden his prosecution, it is impossible for us to see either how the de-

fendant may be injured or how the superfluous matter can be held to vitiate an indictment perfectly valid otherwise.

There are not two distinct offenses charged in either count or both counts. The defendant is not, in either count, indicted for the embezzlement of moneys collected by him as the agent or servant of the named customers of his principal. He is clearly charged, on any fair construction of the whole pleading, with the embezzlement of the money of the Standard Oil Company, whose clerk and servant he was.

We do not think that it can be said that the indictment seeks to make the guilt of the accused depend upon his alleged failure to enter the proper credits in the several accounts of his employer's customers. That unnecessary averment is contained in the indictment, but that is no ingredient of the crime charged.

The indictment contains all necessary to be charged, and some superfluous matters in addition. But *utile per inutile non vitiatur.*

*Reversed.*