## THE STATE v. WISE, Appellant.

### Division Two, January 31, 1905.

1. **EMBEZZLEMENT: By Officer of Fraternal Organization: Information.** The statute (sec. 1918, R. S. 1899) making it embezzlement for any officer or member of any benevolent or fraternal organization to convert to his own use any money which may have come into his possession by virtue of his official position or by virtue of any trust reposed in him, is broad enough to cover embezzlement by any officer of any such organization, whether the same is incorporated or not. And an information which alleges the existence of a fraternal organization, that defendant was an officer thereof, and that by virtue of his office he received and took into his possession the money of said organization, and feloniously embezzled and fraudulently converted the same to his own use, without the consent of the organization, is sufficient.

2. ————: ————: **Proving Existence.** In a prosecution for embezzling the funds of a fraternal organization it is competent to prove, by the grand officers of the organization, its existence and constitution, and its relation to the subordinate lodges. Likewise it is competent to prove by the officers of a subordinate lodge, the duties of the secretary and treasurer as to the funds of such lodge.

3. ————: ————: **At Different Dates: One Conversion: Instruction.** In the prosecution of an officer of a fraternal organization for embezzling the funds of such organization in the amount of $38.10, it is not necessary that the proof should show that the sum of $30 or more was taken at the same time. But where the

evidence shows that defendant received the money in two payments, one in November for $19, and the other in December for $19.10, that demand was made for the entire sum of $38.10, and that defendant defaulted for the whole sum when called upon to account for it, this is sufficient to establish an embezzlement of the whole sum.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon,* Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

It was unnecessary to allege in the information the various times at which money was paid to the defendant as secretary of the lodge; it was sufficient to know that a certain amount of money had been received by him by virtue of the trust relationship. This, in connection with the demand and refusal which is shown in evidence to have been made, is sufficient to fasten the guilty intent on the part of the defendant. The demand was made and refusal given for the whole sum due and it was unnecessary to set out either in the instructions or in the information the particular and various sums converted. McClain's Criminal Law, sec. 640; People v. Bidleman, 104 Cal. 608; People v. Leonard, 106 Cal. 302; People v. Rhinehart, 26 Ore. 456; 2 Bishop's Crim. Law, sec. 372; 7 Enc. Pl. and Pr., p. 447; State v. Broughton, 71 Miss. 90; State v. Pierce, 77 Iowa 245.

GANTT, J.—At the July term, 1903, of the criminal court of Greene county an information was filed by the prosecuting attorney of Greene county, charging the defendant with the embezzlement of thirty-eight dollars, the property and money of Eureka Lodge, number thirty-nine, of the Ancient Order of Free and Accepted Colored Masons, a benevolent and fraternal

organization, of which defendant was at the time a member and the secretary thereof, on the thirtieth of December, 1902.

The defendant was arrested, duly arraigned and pleaded not guilty. At the July term, 1903, and on the eighth of August, 1903, defendant was put upon trial and convicted and sentenced to the penitentiary for three years.

The defendant is not represented by counsel in this court, but we have examined the whole record.

I.   The evidence established that Eureka Lodge No. 39 of the Ancient Order of Free and Accepted Colored Masons was a subordinate lodge of the Grand Lodge of Colored Masons of the Ancient Order of Free and Accepted Masons; that it was a benevolent organization, and that from January 24, 1902, until March 4, 1903, the defendant William Wise was the secretary of said Eureka Lodge No. 39, A. F. & A. M., at Springfield, Missouri; that on or about the fourteenth of November, 1902, and on or about December 30, 1902, the defendant, as the secretary of said Lodge No. 39, received of and from Robert Cain, the treasurer of said lodge, moneys aggregating $38.10, under the order of said lodge, to transmit to the grand lodge of said order, in payment of the dues of said subordinate lodge and its members to the grand secretary of said grand lodge; that he did not transmit said funds; that when asked by the members or officers of the lodge, in January, 1903, if he had sent in said moneys, he stated he had done so and had receipts therefor, but when the receipts were demanded he could not and did not produce them. Thereupon, the officers of Lodge No. 39 demanded a return of the money, and he failed to pay it, saying he did not have it and could not replace it and did not intend to use his own money to do so.

After ineffectual efforts to get him to refund the money, he was arrested on the thirteenth of March,

1903. After his arrest he paid over the $38 to the officers of the lodge.

The information in this case is drawn under section 1918, Revised Statutes 1899, which makes it embezzlement for any officer or member of any benevolent organization to convert to his own use in any manner whatever the moneys that may have come to him by virtue of his office or official position, or by virtue of any trust reposed in him or them, or which may be in his possession, care or control by virtue of his office or trust.

In the very recent case of State v. Knowles, 185 Mo. 141, this statute came before us for construction and it was held that the statute was broad enough to cover embezzlement by any officer of any benevolent organization, whether the same was incorporated or not. That the language of the act was comprehensive enough to cover any embezzlement by any officer of any benevolent organization, and that it evidently was the opinion of the General Assembly that it was no less reprehensible and criminal in an officer of an unincorporated benevolent organization to embezzle and convert the funds raised for charitable and praiseworthy purposes than it is to embezzle the funds of an incorporated society.

The statute was obviously enacted to remedy a defect in the common law under which one could not be guilty of embezzlement of moneys of which he was a part owner. [10 Am. and Eng. Ency. Law, 985; 10 Am. and Eng. Ency. Law, 1007, note 1, and cases cited.]

The information alleges that Eureka Lodge No. 39, A. F. & A. M., was a benevolent and fraternal organization; that defendant was a member thereof and officer, to-wit, secretary of said lodge, and as such and by virtue of his office as secretary of said organization did have, receive and take into his possession thirty-eight dollars of the value of thirty-eight dollars in money and property of said benevolent organization,

and feloniously did embezzle and fraudulently convert the said $38 to his own use, without the assent of said organization. The information was and is sufficient. [State v. Knowles, 185 Mo. 141.]

II. From a careful reading of the evidence it appears that the defendant's counsel strenuously objected to proving the nature and powers of the grand and subordinate lodges of the Ancient Order of Free and Accepted Masons by the officers thereof, by the grand secretary, and by the worshipful master. By section 2634, Revised Statutes 1899, it is provided that, ''if, on the trial or other proceeding in a criminal cause, the existence, constitution or powers of any banking company or corporation shall become material, or be in any way drawn in question, it shall not be necessary to produce a certified copy of the charter or act of incorporation, but the same may be proved by general reputation, or by the printed statute book of the State, government or country by which such corporation was created.'' [State v. Cheek, 63 Mo. 364; State v. Jackson, 90 Mo. 156.]

We think it was entirely competent to prove by the grand secretary and other members of the order the existence and constitution of the grand lodge and the relation the subordinate lodges bore to the organization. Likewise, it was competent to prove by these officers who knew of their own knowledge the duties of the secretary and treasurer as to the funds of the subordinate lodges. But in no event could that evidence have been prejudicial in this case. Here, witness Cain, the treasurer of Lodge 39, testified to the actual payment by himself as treasurer of Eureka Lodge of the $38.10 to defendant as the secretary and identified the receipts for the same by defendant as such secretary. The controlling question was, after this proof, whether defendant had paid it over as required by his obligation as secretary, or had fraudulently converted

it to his own use. The evidence leaves no doubt on this point whatever. He admitted he had not paid it and that he didn't have it and said he wouldn't pay it out of his own money. After he was arrested, he did pay it.

Without reproducing them in full, it will suffice to say the instructions were full and covered every phase of the case. Indeed the one serious question raised on the instructions was the refusal of the court to instruct "that if the jury believe and find from the evidence that the defendant received two different sums at two different times from Eureka Lodge No. 39, A. F. & A. M., and converted one of the sums to his own use before the other sum was received, and that neither of the sums so received were of the amount of thirty dollars, then you should acquit the defendant in this case."

On the contrary, the court gave the following instruction on this point: "You are further instructed that it is not necessary in this case in order to authorize you to find the defendant guilty of embezzlement of thirty dollars or more, for the State to prove that the amount of thirty dollars or more was taken at the same time, or on the same day; therefore, if you believe and find from the evidence in this case that the defendant formed a design to embezzle and convert to his own use money of the said Eureka Lodge Number Thirty-nine, of the Ancient Order of Free and Accepted Masons, and that in pursuance of such formed design, he did, during the time he held the office of secretary of said lodge, if you believe that he held the said office, and within three years next before the filing of the information in this case, to-wit, the seventh day of August, A. D. 1903, embezzle the money of the said lodge to the amount of thirty dollars or more, then that is sufficient."

The State's evidence tended to prove the receipt by defendant in November and December, 1902, of $38.10 in two payments, one in November for $19, and

the other in December for $19.10. 'There was no evidence tending to prove he had converted the first sum before he received the second.

In January, 1903, he was called upon for the first time to account for both and he then claimed he had receipts of the grand lodge for both. When the matter was pressed, he could not produce the receipts for either amount and finally came the admission that he didn't have the money. The demand was for the whole $38.10 and the default was for the whole sum, when the defendant was called upon to account for it. The rule is settled in this State by the decision in State v. Pratt, 98 Mo. 491, in which it was held that "where the offense of embezzlement is committed by a trusted servant, agent, clerk, etc., and where, as here, the abstractions occurred daily or whenever cupidity prompts, it is an impossible thing to describe the identical money taken or the precise date upon which it was taken; and it was this impossibility which occasioned the enactment of section 1817, supra (now sec. 2531, R. S. 1899), which was borrowed from an English statute, and for a similar reason, section 1821, Revised Statutes 1879 (now sec. 2535, R. S. 1899) was passed."

In Pratt's case, Gravatt v. State, 25 Ohio St. 162, was specially approved, wherein it was held that it was proper to charge in one count the embezzlement of money and property received by the defendant at different times from different persons for his employer. [See, also, Jackson v. State, 76 Ga. 551; State v. Broughton, 71 Miss. 90.]

We think under the evidence in this case the one substantive charge of embezzlement was supported by proof of the receipt at different dates of the amount he was charged to have embezzled and one conversion of the whole. The evidence did not show a distinct and separate conversion of each payment made to him by the treasurer of the lodge, and accordingly we think

the instruction of the court was correct and it did not err in refusing those asked by defendant, because the evidence did not justify them.

The other instructions were such as have often been approved by this court, and the verdict is amply sustained by the testimony.

The judgment must be and is affirmed.

All concur.