## STATE v. GIBSON.

No. 2097.   Decided March 25, 1910 (108 Pac. 349).

1. LARCENY—GRAND LARCENY.   Comp. Laws 1907, sec. 4384, makes every person guilty of embezzlement punishable in the same manner prescribed for stealing property of the value of that embezzled, and section 4359 makes it grand larceny to steal property valued at more than fifty dollars, and section 4360 makes all other cases petit larceny. Accused was employed to solicit advertising contracts, and within about thirty-eight days collected $235 from various persons, and appropriated it to his own use; but forty-eight dollars was the largest amount collected from one person at one time. *Held*, that the taking of the $235 was one embezzlement committed by a series of connected transactions, so as to make accused punishable as for grand larceny. (Page 332.)

2. EMBEZZLEMENT—AUTHORITY OF AGENT—EFFECT OF EXCEEDING AUTHORITY.   Where accused demanded and received the money appropriated as his employer's agent, and it was paid in the discharge of obligations under advertising contracts which he had solicited for his employer, he was guilty of embezzlement, though he did not have authority to collect money due under such contracts. (Page 333.)

Appeal from District Court, Third District; *Hon. T. B. Lewis*, Judge.

T. B. Gibson was convicted of embezzlement and he appeals.

AFFIRMED.

*Mathoninah Thomas* and *Dale H. Parke* for appellant.

*A. R. Barnes,* Attorney-General, for the State.

STRAUP, C. J.

The appellant was convicted of the crime of embezzlement. Under the statute (Comp. Laws 1907, section 4384), every person guilty of that offense is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled. Grand larceny is committed when the value of the property taken exceeds fifty dollars. (Section 4359.) When the value is fifty dollars, or less, the offense is . petit larceny. (Section 4360). It is charged in the information that the appellant embezzled two hundred dollars, the property of the Theater Publishing Company, a corporation. The jury found the appellant guilty of embezzlement "as charged in the information," and that "the value of the money embezzled exceeded fifty dollars."

The evidence on the part of the state tended to show that the appellant was employed by the publishing company to solicit advertising contracts. Between the 12th day of November and the 20th day of December, 1908, he collected from divers persons the sum of $235.60 due the publishing company upon contracts solicited and procured by him. He failed to account for the moneys so collected, and fraudulently and unlawfully appropriated and converted them to his own use, and left the state for California, where he went under an assumed name, as testified to by himself, "to avoid being located on account of the money I had collected in Salt Lake (Utah) and appropriated." The evidence shows that $48.60 was the largest sum collected by him from any one person at any one time. In view of such fact, the appellant requested the court to charge the jury that to find

him guilty of embezzlement exceeding fifty dollars it was essential to find that he "had in his possession at one time more than fifty dollars of the money belonging to the Theater Publishing Company," and that he "misappropriated more than fifty dollars at any one time." That is to say, it is in effect urged that if the appellant collected $48.60 from one customer in the forenoon of a particular day and fraudulently and unlawfully appropriated and converted the money to his own use and spent it, and thereafter and in the afternoon of the same day he collected fifteen dollars from another customer and converted and spent that, and the next day collected and misappropriated another sum less than fifty dollars, and so on until he had in the aggregate, between November 12th and December 20th, collected and received $235.60 belonging to his employer, and misappropriated and spent the moneys as fast as he collected them, he was guilty only of numerous petit offenses and misdemeanors, but not of any greater offense. The refusal of the court to give the request presents the principal question on the appeal.

We think no error was committed in the ruling. The case is not like that argued to us by appellant where the succesive larcenies, each complete and distinct, did not constitute one continuous transaction; or where properties belonging to different persons located at different places were purloined, and where each asportation constituted a separate and distinct offense. (*Scarver v. State,* 53 Miss. 407; *State v. Maggard,* 160 Mo. 469, 61 S. W. 184, 83 Am. St. Rep. 484.) But it is one of embezzlement "committed by a series of connected transactions from day to day" (1 Bishop Crim. Pro. section 398.), and shown to be "a continuous offense committed by a trusted servant by means of a series of connected transactions; and in such case a charge of embezzlement on a certain date will cover and admit evidence of the whole." (*State v. Reinhart,* 26 Or. 466, 38 Pac. 822), and is one constituting "in fact and in law a single embezzlement" (*Brown v. State,* 18 Ohio St. 496), and where "the one substantive charge of embezzle-

ment was supported by proof of the receipt at different times of the amount" the appellant "was charged to have embezzled and one conversion of the whole" (*State v. Wise,* 186 Mo. 42, 84 S. W. 954), and falling within the principles stated in the cases of *Jackson v. State,* 76 Ga. 551, *State v. Broughton,* 71 Miss. 90, 13 South. 885, and *Gravatt v. State,* 25 Ohio St. 162.

It is further urged that the appellant is not guilty of embezzlement because it is shown that he was authorized by his employer to only solicit advertising contracts, and not to collect money due or to become due thereon. It might about as well be argued that the appellant was not guilty because he was not authorized to apropriate and convert the money to his own use. The money was demanded and received by him from the customers in the capacity of an agent of his employer, for its use and benefit, and was paid to him by the customers in discharge of obligations owing by them to his employer under the terms of the contracts. The money so paid to and received by the appellant, whether with or without authority from the employer to collect and receive it, became and was the property of his employer, and was received by and intrusted to him as the agent and servant of the publishing company. When he fraudulently appropriated it to his own use, he misappropriated and converted his employer's property, and committed the offense of embezzlement.

We think the judgment ought to be affirmed.

Such is the order.

FRICK, and McCARTY, JJ., concur.