## IN RE JONES.

(No. 3,226.)

(Submitted September 10, 1912. Decided September 24, 1912.)

[126 Pac. 929.]

*Criminal Law—Grand Larceny—Acts Constituting—Value of Articles Stolen—Habeas Corpus.*

Criminal Law—Larceny—*Habeas Corpus*—When Discharge from Custody Unauthorized.
1.   Where the evidence at the preliminary hearing of one charged with, and committed for, grand larceny clearly showed that the accused was guilty of at least petit larceny (a crime of which justices of the peace have exclusive jurisdiction), she was not, under section 9645, Revised Codes, on *habeas corpus* entitled to release from custody on the alleged ground that reasonable or probable cause for believing her guilty of the crime charged, or any crime of which the district court has jurisdiction, had not been shown.

Same—Different Larcenies—Value of Articles Stolen—When Grand Larceny.
2.   The rule that several distinct petit larcenies cannot be aggregated so as to make the value of the property stolen sufficient in value to constitute grand larceny does not apply where the different asportations are the result of a single purpose; in such cases they are regarded as one act, and constitute a single larceny, as where a clerk in a department store, at different times, stole a large number of articles adapted for her own use, no one of which was of a value exceeding $50, but which aggregated the sum of $2,400, the thefts following each other in rapid succession and continuing for about 150 days.

*Habeas Corpus*—Jurisdiction—Questions Reviewable.
3.   The writ of *habeas corpus* is not supervisory in its nature, and may not be made to serve the purpose of a writ of error or of an appeal.

Application for writ of *habeas corpus* by Maude Jones. Complainant remanded to custody.

*Messrs. Hathhorn & Brown,* for Complainant.

*Mr. W. M. Johnston,* of Counsel for the State.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

*Habeas corpus.* The complainant was committed to the custody of the defendant after a preliminary examination had before a justice of the peace of Yellowstone county, upon a complaint charging her with grand larceny. The application for the writ was presented to, and was heard by, the Justices in chambers. The ground alleged is that the evidence submitted at the preliminary hearing does not show reasonable or probable cause for belief that the complainant is guilty of the crime charged, or any crime of which the district court has jurisdiction.

The complaint under which the complainant was committed charges larceny of property of the Hart-Albin Company, a corporation, between December 15, 1911, and May 18, 1912, of the value of $2,423.31. The evidence shows, without contradiction, that the Hart-Albin Company owns and conducts a department store at Billings, in Yellowstone county; that on December 15, 1911, the complainant was employed by it as a saleswoman; that she continued in its employment from that time until May 18, 1912; that she was employed in different departments from time to time, according as the exigencies of the business required, or as an assistant in taking an invoice of the stock; that at the time of her arrest, on May 18, she was employed in the piece-goods department; that from time to time goods had been missed from this and other departments; that on May 17 certain pieces of goods were missed from the piece-goods department; that inquiry was made of her by the manager as to her knowledge of them; that she at first disclaimed knowledge, but subsequently admitted that she had purloined them; that on the same day the sheriff, armed with a search-warrant and accompanied by two or three employees in the store, searched her house and found therein several hundred articles put away in closets or drawers, packed in boxes, concealed in beds, in the oven of the cooking-stove in the kitchen, and lying in the attic and basement, consisting of laces, dress-trimmings, embroideries,

bolts of silk, cotton and woolen yard goods, draperies, skirts, waists, suits, underwear, stockings, hair ornaments, jewelry, novelties, gloves, perfumes, *etc.,* all of which were identified by the manager and other employees as having come from the store; that the complainant admitted that she had purloined them from the store from time to time during the course of her employment, except a few, which she had purchased and paid for; that altogether they made up a large bulk, weighing several hundred pounds; that, though she had been observed from time to time by the manager and other employees when she left the store for meals, or at the close of working hours, she had never been seen to take anything with her; that she had no key to the building nor other means of access to it; and that she was never in the building after closing time, except occasionally to assist other employees in finishing their work. Aside from her admission, made to the manager and those engaged in the search, that she had purloined the articles, the complainant made no statement as to what disposition she expected to make of them; nor is there any specific evidence on this point. From the great number and variety in the character of the articles found, it is manifest that complainant must have begun her thefts immediately after she entered the employ of the company, and that she continued them daily until the time of her arrest. Except in a single instance, the date at which any taking occurred does not appear. On the morning of the arrest, between 8:30 and 11:30, two pieces of yard goods, of the value of less than $20, which had been marked as a means of discovering and identifying the guilty person, disappeared. No one of the articles found at the house of the complainant was of a value in excess of $50; and, except that it may be inferred that the two pieces of goods mentioned above were taken at the same time, because they disappeared between the hours mentioned, the evidence does not disclose that the complainant ever took more than one article at a time.

Under the statute in this state, when property taken is of the value exceeding $50, or is taken from the person of another, or is

one or more of the animals mentioned therein, the crime is grand
larceny. (Rev. Codes, sec. 8645.) In other cases the taking is
petit larceny. (Id., sec. 8646.)

It is apparent that in any view of the case the complainant
must be remanded for trial; for, though the warrant is one of
commitment for trial upon the charge of grand larceny, never-
theless, since it clearly appears that she is at least guilty of
[1] petit larceny, whatever opinion might be entertained as to
her guilt of the higher grade of the crime, our duty to remand
her is imperative. (Rev. Codes, sec. 9645.) The question, there-
fore, is whether we shall finally decide in this proceeding, and
upon the evidence before us, that the complainant is not guilty
of grand larceny, and hence that the district court has no juris-
diction to try her. A conclusion that she is not guilty of grand
larceny necessarily carries the conclusion that there is a want
of jurisdiction in the district court; for the statute confers ex-
clusive jurisdiction of the crime of petit larceny upon justices
of the peace. (Rev. Codes, sec. 6288.)

Counsel for complainant contends that the evidence goes no
further than to establish several distinct and separate larcenies,
[2] and insists that where, as here, there are two or more dis-
tinct larcenies, they cannot be aggregated so as to make the
value of the property stolen sufficient to constitute grand lar-
ceny; the value of the property taken at any one time not being
sufficient for that purpose. The rule invoked is a familiar one,
and is recognized by the courts everywhere. (1 McClain's
Criminal Law, 584; 2 Bishop's New Criminal Law, 889; *Rex*
v. *Petrie,* 14 Am. Cr. Rep. 399; *Edelhoff* v. *State,* 5 Wyo. 19,
36 Pac. 627; *Trask* v. *People,* 35 Colo. 83, 83 Pac. 1010; *People*
v. *Johnson,* 81 Mich. 573, 45 N. W. 1119; *People* v. *Hatch,* 13
Cal. App. 521, 109 Pac. 1097; *Camp* v. *State* (Okl. Cr.), 124
Pac. 331; *Scarver* v. *State,* 53 Miss. 407; *Monoughan* v. *People,*
24 Ill. 340.) But there is an exception to this rule which is
seemingly as well recognized as the rule itself: That, though the
larceny is of several different articles, if they are taken in sub-
stantially the same transaction, their value may be aggregated,

in order to make out a charge of grand larceny. (See cases cited, *supra;* also 2 Bishop's New Criminal Law, 889; 1 Mc-Clain's Criminal Law, 584; *State* v. *Wise,* 186 Mo. 42, 84 S. W. 954; *State* v. *Reinhart,* 26 Or. 466, 38 Pac. 822; *Flynn* v. *State,* 47 Tex. Cr. 26, 83 S. W. 206; *Cody* v. *State,* 31 Tex. Cr. 183, 20 S. W. 398; *Carl* v. *State,* 125 Ala. 89, 28 South. 505; *State* v. *Mandich,* 24 Nev. 336, 54 Pac. 516; *State* v. *Martin,* 82 N. C. 672; *Weaver* v. *Commonwealth,* 86 S. W. 551, 27 Ky. Law Rep. 743; *State* v. *Gibson,* 37 Utah, 330, 108 Pac. 349.) Each case must be determined upon its own special facts and circumstances. If, as it is said by some of the courts, the different asportations are prompted by one design, one purpose, one impulse, they are a single act, without regard to time. It will be noted that in some of the cases cited the charge was embezzlement. They are pertinent here, however, because in this state the crime of embezzlement is declared to be larceny, and punishable as such. It will also be observed that there is some lack of harmony in the cases as to what conclusion should be drawn from particular facts and circumstances. The cases of *State* v. *Gibson,* and *Edelhoff* v. *State, supra,* are illustrative. But, however this may be, we do not think that in this proceeding we should undertake to decide finally that the complainant ought not to be put upon her trial for grand larceny.

It is to be borne in mind that the case presented to us is merely upon the evidence submitted to the justice. The county attorney was only required to submit proof sufficient to show probable cause to believe the defendant guilty of the charge. (Rev. Codes, secs. 9090, 9644.) As was observed by the court in *Cody* v. *State, supra,* the question whether there was one transaction or several distinct transactions is a question to be determined by the trial court and jury, when all the facts and circumstances have been presented by the evidence.

The writ of *habeas corpus* is not supervisory in its nature; [3] nor may it be made to serve the purpose of a writ of error, or of an appeal. Our office is discharged in this case when we have reached the conclusion that there was evidence before the

justice sufficient to furnish a reasonable basis for the belief that the complainant is guilty of grand larceny as charged. The great number of articles which were admitted to have been stolen, the fact that they must have been taken, in some instances, at different times on the same day, and in others on different days, that the different thefts followed each other in rapid succession, and were continued for a period of about 150 days, that all the articles were stored in complainant's house for some purpose of her own, all being adapted for use by herself, it seems to us is some evidence tending to show that all the thefts were the result of a single purpose—a single impulse—and hence that there was a single larceny. In stating this conclusion, we do not wish to be understood as expressing an opinion as to complainant's guilt, or that the evidence before us would sustain a conviction. As we have said, this is a question to be determined by the district court.

The writ is accordingly discharged, and the complainant is remanded.

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH, being absent, did not hear the argument, and takes no part in the foregoing decision.