O’Hara, J.
On the 24th day of January, 1912, an indictment was returned by the grand jury of Brown county, Ohio, against the defendants in error, W. E. Hare and S. A. Davis, charging them with having accepted a bribe as county commissioners. of said county, on or about the 9th day of February, 1909, in violation of Section 6900, Revised Statutes of Ohio, then in force, now Section 12823, General Code. It was alleged in the indictment that the sum of thirty dollars was paid to the defendants in error by J. C. Miller and John Randall, partners *206 as Miller & Randall, on or about the above date, for the purpose and with the intent of influencing the defendants in error to vote for the allowance of a certain bill pending before them as county commissioners, in favor of said Miller & Randall, amounting to one hundred and seventy-five dollars, for putting new spur braces under a certain bridge in Brown pounty, the said county commissioners then and there having power and authority to allow or reject such bill. The case came on for trial before the court of common pleas and a jury, and the state offered as witnesses the said Miller and Randall, and also one William Wahl, who was the third member of the board of county commissioners. These witnesses were called by the state upon the recommendation of the prosecuting attorney and with the approval of the court, under.favor of an act passed by the general assembly, on April 11, 1910 (101 O. L.-, 100), now embodied in the General Code as Section 12824-1, which reads as follows: “A person offending against the provisions of Sections 12823 and 12825 of the General Code, is a competent witness against another person so offending, and on the recommendation of the prosecuting attorney and approval of the court, may be compelled to attend and testify in the same manner as any other person is in any court of record in any criminal proceeding prosecuted by the attorney general or any prosecuting attorney, for the violation of any of the provisions of said Sections 12823 and 12825 of the General Code, but no individual shall be prosecuted or subjected to any penalty for or on account of any *207 transaction, matter or thing concerning which he may testify or produce evidence, documentary or otherwise, before any such court or grand jury.”
The evidence offered by the state tended to show that the contractors, Miller & Randall, had a general understanding with the three county commissioners, whereby they were to get the contracts for the construction of all bridges of the county costing less than two hundred dollars, at a fixed price per lineal foot, and the roofing of all covered bridges and the repair of all bridges, at a price to be agreed upon at the time of letting the contract; that all these contracts were to be awarded to Miller & Randall at private lettings and without competition, and they were so awarded for several years; that Miller & Randall paid the county commissioners from time to time the amounts to be paid them as their percentage under the terms of the foregoing agreement; that the particular contract for the repair of the bridge referred to in the indictment was made between the three commissioners and the two contractors at a meeting in the private office of the commissioners, at which no other person was present; that the contractors were to put in a bill for one hundred and seventy-five dollars for the repair of the bridge, which was to be allowed and paid to them, and that out of said amount they were to pay the sum of thirty dollars to the three commissioners, all of which was accordingly done. All the foregoing was denied by the defendants in error who took the stand as witnesses, and who also offered evidence tending to show their previous good *208 character and reputation in the community. Some evidence in rebuttal was offered by the state, and the cause was thereupon submitted to the jury, which returned a verdict of acquittal.
The prosecuting attorney took exceptions to certain parts of the charge of the court to the jury, which were preserved in a bill of exceptions, and have been presented to this court for its determination under Section 13681 et seq., General Code, in order to determine the law for similar cases.
1. The principal claim of error urged by the state is the giving of special charge number fourteen to the jury. This charge was prepared and submitted by the defendants below and is as follows: “The conspiracy, common understanding, or agreement claimed by the State in this case, to exist between the defendants, as commissioners of Brown county, Ohio, and John Randall and J. C. Miller, as members of the firm of Miller & Randall, must be established beyond a reasonable doubt by other testimony and otherwise than by the testimony of the witnesses, William Wahl, J. C. Miller and John Randall, before you would be warranted in finding the defendants, or either of them, guilty.”
The obvious effect of this charge was to remove the testimony of these three alleged co-conspirators altogether from the consideration of the jury, and to compel the jury to base a verdict entirely upon evidence outside of that given by them. In laying down this rule to the jury, the trial judge evidently had in mind the well known reluctance of courts to permit conviction of a felony upon the *209 uncorroborated evidence of an accomplice, but he carried the doctrine entirely too far. Even where corroboration is required, it need not extend to every part of the accomplice’s evidence, because there would be no occasion to offer him as a witness if the facts covered by his testimony could be completely proven by other evidence. 1 Wharton’s Crim. Ev. (10 ed.), page 930.
But it was long ago held to be the law in this state, that while it is the duty of the court, in its discretion, to advise the jury not to convict of felony upon the testimony of an accomplice alone, without corroboration, there is no rule of law preventing a jury from convicting upon the uncorroborated-testimony of an accomplice. Allen v. The State, 10 Ohio St., 287. And it was also held that the fact that an accomplice had committed perjury on a former examination touching the same subject-matter, even where he admitted the fact but had not been legally convicted of the perjury, only affected his credit, and did not render him incompetent or necessarily render his testimony incredible; and further, that it was not error for the court to instruct the jury, that they might find the defendant guilty upon the testimony of such accomplice, corroborated as to one or more material facts by other reliable evidence, notwithstanding his infamy and complicity. Brown v. The State, 18 Ohio St., 496. These matters are also discussed, and the above doctrines find full support, in Underhill on Crim. Ev. (2 ed.), Secs. 73, 74, and Jones on Ev. (2 ed.), Secs. 769, 770.
*210 It is claimed, however, that the foregoing rules were changed, and the special charge under consideration justified by the case of State v. Robinson, 83 Ohio St., 136. There the essential elements of the alleged crime were proven by the uncorroborated testimony of the accomplice, other witnesses having been called, however, who corroborated her in certain material particulars, and this was held sufficient to support a conviction; and a charge by the trial court to the jury, that such corroboration as to other material facts might be based upon a finding by the jury that the circumstances or testimony, independent of the testimony of the accomplice, tended to show the probability of the existence of such other facts, was sustained. And the opinion, rendered by Chief Justice Summers, not only fails to support the claim of defendants in error herein that the testimony of accomplices should be entirely ignored, but on the contrary, at page 143, it is clearly stated that it is not necessary that the crime charged be proven independently of the testimony of the accomplice, or that his testimony be corroborated in every particular, where corroboration is required, but only that there be circumstantial evidence, or the testimony of some witnesses other than the accomplice, tending to connect the defendant with the crime charged and to prove some of the material facts testified to by the accomplice.
The special charge in question, therefore, was not only contrary to the foregoing principles, but also clearly negatived the effect of the act of April 11, 1910, now Section 12824-1, General *211 Code, above referred to. That act was obviously passed to reach such cases as the one at bar, and by its plain terms, Miller, Randall and Wahl, were made competent witnesses against the defendants in error. Therefore the withdrawal of this testimony from consideration by the jury, thus denying its competency and depriving it of all probative value, operated in effect to declare the statute a useless enactment and to render it absolutely of no force or effect. It follows that special charge number fourteen was erroneous and should not have been given, and this exception will therefore be sustained.
2. The defendants below also submitted another charge, which was given to the jury at their request, and to which the state noted its exception. It is shown in the record as special charge number nine, and is as follows: “Evidence has been introduced by the defendants and each of them, S. A. Davis and W. E. Hare, tending to prove their good character, and it is your duty, gentlemen of the jury, to consider this evidence, together with all the other evidence in the case, in determining the guilt or innocence of them, or either of them. You must consider whether the evidence of such good character, when weighed and considered with all the other evidence, raises a reasonable doubt as to the guilt of the accused, or either of them, for proof of good character may of itself create a reasonable doubt, where otherwise no such doubt would exist.”
Objection is made by the state to the last part of this charge which is set out in italics. Under *212 our system of criminal jurisprudence, every person charged with a crime is presumed innocent until proven guilty beyond a reasonable doubt, his character also being presumed to be good and not being subject to attack by the state in the first instance. There might seem, therefore, to be no real need or occasion for offering evidence of previous good character or reputation, but nevertheless, it has become the universal rule to permit a defendant to offer such evidence in his own behalf. The principle upon which this is permitted is that good character affords a presumption against the commission of a crime, arising from the -improbability, proven by common observation and experience, that a person who has uniformly pursued an honest and upright course would depart from it and do an act so inconsistent with it.
And some color is given to the rule as laid down by the court in the special charge under consideration by 1 Wharton’s Criminal Evidence (10 ed.), page 250, and the exceptional cases there cited. Nevertheless, it is expressly recognized by the author in the same connection, that the force and effect of the presumption in favor of the accused, arising from his previous good character, necessarily vary according to the circumstances of different cases and the nature and character of the proof offered; and he says that in all cases it is an item of proof, more or less important, proper to be submitted to and considered by the jury. This subject, however, was carefully considered by this court in an early case, and it was there said: “The reasonable effect of *213 proof of good character is to raise a presumption .that the accused was not likely to have committed the crime with which he is charged. The force of this presumption depends upon the strength of the opposing evidence to produce conviction of the truth of the charge. If the evidence establishing the charge is of such a nature as not, upon principles of reason and good sense, to be overcome by the fact of good character, the latter will, of course, be unavailing and immaterial.” Harrington v. The State, 19 Ohio St., 264, at page 269. And the true rule was there stated to be, “that the testimony is to go to the jury, and be considered by them in connection with all the other facts and circumstances; and if they believe the accused to be guilty, they must so find, notwithstanding his good character.” The Harrington case was expressly approved in Stewart v. The State, 22 Ohio St., 477, and it was there again laid down, that the true and proper rule is to leave the weight and bearing of evidence as to defendant’s good character to the jury. These decisions are in harmony with the statement of the rule as deduced from the authorities and adopted in Underhill on Criminal Evidence (2 ed.), Section 80. The author has given the matter full consideration, and emphatically declares that evidence of good character must always be considered not alone, but in connection with all the evidence bearing upon the guilt or innocence of the accused; and further that the jury has no right to separate it from the mass of the testimony, and to say that it believes the accused has a good character and *214 therefore it will disregard all the evidence of guilt. It follows that special charge number nine was erroneous in the particular complained of, and the exception will be sustained.
The other exceptions have also been considered, but we do not deem them well taken and they will be overruled.
The exceptions to the giving of special charges numbered nine and fourteen are therefore sustained, and the other exceptions are overruled, and it is so ordered.

Ordered accordingly.

Davis, C. J., Spear, Shauck, Johnson and Donahue, JJ., concur.