The State v. Pratt.

THE STATE v. PRATT, *Appellant.*

1. **Criminal Law:** EMBEZZLEMENT : PLEADING : PRACTICE. In a prosecution for embezzlement, it is sufficient to describe the money or note embezzled simply as money, and it is sufficient to prove in cases of larceny or embezzlement that the offender stole, embezzled or obtained any piece of coin or any such note or any portion of the value thereof. (R. S. 1879, sec. 1817.)

2. ——— : ——— : ——— : ———. It is unnecessary to allege or to prove any specific money taken, or that the accused embezzled the identical money taken from his employer. It is only necessary to prove that the sum of money alleged in the indictment, or any portion thereof, was taken within the time limited by the statute, prior to the finding of the indictment.

3. ——— : PRACTICE : SEVERAL COUNTS : ELECTION. Where there are several counts in an indictment all relating to the same transaction the prosecution is not bound to elect as to the count on which it will proceed, but may adapt itself to the exigencies of the case.

4. ——— : PLEADING. It is not necessary in any indictment to specify the time at which an offense was committed, where time is not of the essence of the offense. (R. S. 1879, sec. 1821.

The State v. Pratt.

5. ———: EMBEZZLEMENT: INSTRUCTION. An instruction in a prosecution for embezzlement to the effect that in order to convict the jury must find that at the time the accused converted the money to his own use he did so with the felonious intent to deprive the owner " of the use thereof absolutely," while subject to criticism, is not such error as will authorize a new trial. To deprive the owner of the " absolute use" is tantamount to depriving him of the money itself.

6. ———: ———: RETURN OF MONEY. An offer to return money embezzled will not relieve the act of its criminal nature.

7. ———: PRACTICE: INTRODUCTION OF TESTIMONY. The order of introducing testimony on the trial is a matter within the discretion of the trial court.

8. ———: ——— : ACCOMPLICE. An instruction in regard to the testimony of an accomplice is faulty which fails to explain to the jury what is meant by the words " matters material to the issue," where they were told that, as to such matters, there must be corroboration, and which failed to declare that the corroboration should go so far as to identify the person of the accused. But where the other testimony is amply sufficient, and the identity of the defendant as the perpetrator of the offense is well established by evidence *aliunde*, the error is not such as to prejudice him.

*Appeal from St. Louis Criminal Court.*—Hon. G. S. Van Waggoner, Judge.

AFFIRMED.

The following are the instructions discussed in the opinion of the court:

(1) The court instructs the jury that if they believe and find from the evidence in the cause that at any time within three years prior to the finding of this indictment, the McCormick Harvesting Machine Company was doing business in the city of St. Louis, in the state of Missouri and was a corporation duly established, organized, existing and doing business under and by virtue of the laws of the state of Illinois, and that the defendant, within three years prior to the finding of this indictment, was the agent of the McCormick Harvesting

Machine Company, a company then and there duly established, organized, existing and doing business under and by virtue of the laws of the state of Illinois, and that the defendant at the time of his employment as such agent was not a person under the age of sixteen years, and that during such employment as such agent of said McCormick Harvesting Machine Company, a corporation then and there duly organized, established, existing and doing business under and by virtue of the laws of the state of Illinois, and, while acting in the capacity of such agent, did, by virtue of his employment, take or receive into his possession, or under his care, as the money or property of said McCormick Harvesting Machine Company, a corporation then and there duly established, organized, existing and doing business under and by virtue of the laws of the state of Illinois, the money or bank notes alleged in this indictment, or any portion thereof, of the value of thirty dollars or more, and that after receiving said money or bank notes, or any portion thereof, the defendant did, at the city of St. Louis and state of Missouri, and within three years prior to the finding of this indictment, feloniously, unlawfully and intentionally embezzle and fraudulently convert said money or bank notes, or any portion of the same of the value of thirty dollars or more, to his, the defendant's, own use, without the assent of the McCormick Harvesting Machine Company, a corporation then and there duly established, organized, existing and doing business under and by virtue of the state of Illinois, and that he, the defendant, did so convert the same with the felonious intent to deprive the said McCormick Harvesting Machine Company, a corporation then and there duly established, organized, existing and doing business under and by virtue of the laws of the state of Illinois, of the use thereof absolutely, and that said money or bank notes so embezzled and converted by the defendant then and there belonged

to and was the property of said McCormick Harvesting Machine Company, a corporation then and there duly established, organized, existing and doing business under and by virtue of the laws of the state of Illinois, then the jury should find the defendant guilty of embezzlement as by this indictment he stands charged, and assess his punishment at imprisonment in the penitentiary for a term not less than two years nor more than five years. And unless you so believe and find from the evidence, you should acquit the defendant.

(2) The court instructs the jury that mere failure to pay over money by an agent to his principal, after the agent has collected or received it for and on account of his principal, does not of itself constitute the crime of embezzlement, nor does the mere conversion of it by the agent to the agent's own use, after its reception or collection by the agent, and failure to pay it over to his principal constitute the crime of embezzlement, but there must be a felonious intent on the part of the agent at the time of the conversion to appropriate it to the agent's own use and to deprive the owner of it absolutely, and unless the jury believe and find from the evidence in this cause that the defendant did, at the city of St. Louis and within three years prior to the finding of this indictment, feloniously, wilfully and intentionally embezzle the money or bank notes alleged in this indictment, or any part thereof of the value of thirty dollars or more, and that he did fraudulently convert the same to his own use, and that at the time he converted the same it belonged to and was the property of the McCormick Harvesting Machine Company, and that when he converted the same to his own use did so with the felonious intent to deprive the said McCormick Harvesting Machine Company absolutely of the use thereof, they must acquit the defendant. And the court instructs the jury that the intent with which an

act is done may be proved by direct and positive testimony, or the intent with which an act is done may be inferred from all the facts and circumstances attending and surrounding the act done, and the intent must be determined in this cause by the jury from the evidence given therein.

(3)   The court instructs the jury that if they believe and find from the evidence that the defendant did, within three years prior to the finding of this indictment, take or receive into his possession the money or bank notes alleged in this indictment, or any portion thereof to the value of thirty dollars or more, and that he did receive and take the same into his possession as the agent of the said McCormick Harvesting Machine Company, and by virtue of his employment as such agent, and that he did within three years prior to the finding of this indictment, at the city of St. Louis, feloniously, unlawfully and intentionally embezzle and fraudulently convert the same to his own use without the assent of the said McCormick Harvesting Machine Company, and with the felonious intent to deprive the said McCormick Harvesting Machine Company of the use thereof absolutely, you should find the defendant guilty of embezzlement as charged by this indictment, notwithstanding the jury should believe and find from the evidence that the defendant subsequently offered to restore the whole, or any portion of the money, so embezzled, or that he intended at some future time to restore said money.

(4)   The court instructs the jury that the evidence of an accomplice in crime, that is the evidence of a person who aids, assists, encourages and abets in the commission of a crime is admissible ; yet the evidence of an accomplice in the crime, when not corroborated by the evidence of some person or persons not implicated in it as to matters material to the issue, ought to be received with great caution by the jury and they ought to be

fully satisfied of its truth before they should convict the defendant on such testimony.

*Joseph G. Lodge* and *William C. Jones* for appellant.

(1) Where a person is charged with one crime, he cannot be proved guilty by evidence tending to prove that he is guilty of another though a similar crime. *State v. Daubert*, 42 Mo. 242 ; *State v. Rothschild*, 68 Mo. 52 ; *State v. Wolf*, 15 Mo. 168. (2) Where an offense is charged in one of several counts, if the prosecution introduces evidence tending to prove one distinct substantive offense, this should be held an election to prosecute for that act and no evidence of other substantive offenses should be admitted, unless for the purpose of showing the intent with which the former act was done, and if admitted for the purpose of showing the intent, the court should by proper instructions inform the jury that they should consider it for that purpose only. *People v. Clark*, 33 Mich. 112 ; *People v. Jenness*, 5 Mich. 327 ; 1 Bish. Crim. Proc., secs. 449, 457, 461 ; *Williams v. State*, 77 Ala. 53 ; *State v. Bach*, 25 Mo. App. 554 ; *Fields v. Wyoming*, 1 Wy. 78 ; *Commonwealth v. Shepard*, 83 Mass. 581 ; *Commonwealth v. Burnett*, 118 Mass. 443 ; *Commonwealth v. Coe*, 115 Mass. 501 ; *Tuckerman's Case*, 10 Gray, 199 ; *Commonwealth v. Shepherd*, 1 Allen, 575 ; *Ex parte Record*, 11 Nev. 287 ; *People v. Bailey*, 23 Cal. 577. (3) The instructions given on behalf of the state were erroneous in that the jury are told they cannot convict the defendant unless they find that the conversion was done with the felonious intent of depriving the owner of his property absolutely, and then are directed to acquit him unless they find that he so converted it with the intent to deprive the owner " absolutely of the use thereof." (4) The court erred in allowing the testimony of Hiram

Post to come in by way of rebuttal, when it was in its nature a part of the state's case in chief. And to allow it as rebuttal was to take an unfair advantage of the defendant. (5) The sixth instruction for the state was erroneous. *State v. Chyo Chiagk*, 92 Mo. 413.

*John M. Wood*, Attorney General, and *Smith P. Galt* for the State.

(1) The instructions given by the court correctly declared the law. The first, the general instruction, as to the offense charged and in regard to the punishment. R. S. 1879, secs. 1320, 1308 ; *State v. Heath*, 70 Mo. 565. The second, as to the intent at the time of conversion and as to how the intent may be proved. 2 Bish. Cr. L., secs. 371, 376, 379 ; *State v. Talbott*, 73 Mo. 347 ; 1 Whar. Cr. L. (9 Ed.) sec. 1030 ; *State v. Porter*, 26 Mo. 201 ; *United States v. Sander*, 9 McLean, 602. The third, as to offering to restore property embezzled. *State v. Leicham*, 41 Wis. 565 ; *Commonwealth v. Mason*, 105 Mass. 163 ; *Commonwealth v. Coe*, 115 Mass. 481 ; *State v. Cook*, 84 Mo. 55 ; *Commonwealth v. Tenney*, 97 Mass. 50 ; *Commonwealth v. Tuckerman*, 10 Gray, 173 ; *State v. Healey*, 48 Mo. 531 ; *State v. Holme*, 54 Mo. 153. The sixth as to the evidence of an accomplice. *State v. Kilgore*, 70 Mo. 556. (2) There was no error in overruling the instruction asked by defendant requiring the jury to find that it was the identical money received by him that was embezzled. 2 Bish. Cr. L. (3 Ed.) secs. 361, 369 ; 2 Bish. Cr. Proc., sec. 337 ; *Rex v. Hall*, 3 Stark. 67 ; R. S. 1879, sec. 1817 ; *People v. McKinney*, 10 Mich. 54 ; *People v. Hennessy*, 15 Wend. 147.

SHERWOOD, J.—The defendant was indicted for embezzling certain money and bank notes of the value of $3,518, belonging to the McCormick Harvesting Machine Company, the denomination or description of

The State v. Pratt.

which money and bank notes was alleged to be by the grand jurors unknown. The indictment contained but one count. The result of the trial was the defendant was convicted and his punishment assessed at three years imprisonment in the penitentiary. Whereupon he appealed to this court.

I. Our statute provides: "If any agent, clerk, apprentice, servant or collector of any private person, or of any copartnership, except persons so employed under the age of sixteen years ; or if any officer, agent, clerk, servant or collector of any incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make way with or secrete, with intent to embezzle or convert to his own use without the assent of his master or employer, any money, goods, rights in action, or valuable security or effects whatsoever, belonging to any other person, which shall have come into his possession or under his care by virtue of such employment or office, he shall, upon conviction, be punished in the manner prescribed by law for stealing property of the kind or the value of the articles so embezzled, taken or secreted." R. S. 1879, sec. 1320. Upon this section the indictment is bottomed.

And our statute further declares: "In every indictment in which it shall be necessary to make any averment as to any money or any note, being or purporting to be made or issued by any bank incorporated by law, or made or issued by virtue of any law of the United States, it shall be sufficient to describe such money or note simply as money, without specifying any particular coin or note ; and such allegation shall be sustained by proof of any amount of coin, or of any such note, although the particular species of coin of which such amount was composed, or the particular nature of such note shall not be proved ; and in cases of larceny, embezzlement. and obtaining money or such

notes by false pretenses, by proof that the offender stole, embezzled or obtained any piece of coin, or any such note, or any portion of the value thereof, although such piece of coin or such note may have been delivered to him, in order that some part of the value thereof should be returned to the party delivering the same or to any other person, and such part shall have been returned accordingly." R. S. 1879, sec. 1817.

The last-quoted section does away with many of the difficulties which formerly attached to prosecutions for the crime of embezzlement, by rendering it unnecessary to allege or to prove, in order to a conviction in any case, the identical money mentioned therein, by declaring it sufficient in allegation to describe the money or note " *simply as money* ; " and sufficient in proof in cases of larceny or embezzlement, to prove that the offender stole, embezzled or obtained any piece of coin, or any such note, or any portion of the value thereof. Obeying this section, those authorities which announce and enforce a different theory of the law become valueless. And, as it was unnecessary to allege or to prove any specific money taken, but only that the sum of money alleged in the indictment or any portion thereof was taken within the time limited by the statute, prior to indictment found, all such objections as defendant urges on this score must therefore be ruled against him.

II. And as it is well settled law in this state, that even where there are several counts in an indictment all relating to the same transaction, the prosecution is not bound to elect the count on which it will proceed, but may adapt itself to the exigencies of the case, so also, the same principle governs here, where there is but one count, the *gravamen* of the charge being that the defendant within three years prior to the indictment found, embezzled a certain sum of money from the McCormick Harvesting Machine Company ; this charge being sustained by proving embezzlement by him as aforesaid of

such sum or any portion thereof, as set forth in the instructions within the time limited by the statute; and this is especially true in the case at bar, as the evidence shows that the defendant was in the continuous receipt of money from his sub-agents, belonging to his principal, and only settled with his principal at stated periods, the embezzlement of different sums at different times thus tending to prove that in the aggregate, the defendant embezzled the sum charged in the indictment. But if it did not tend to prove the *whole sum*, it certainly tended to prove the embezzling of a portion thereof, and this was sufficient, under the statute. The foregoing views are fully supported by Revised Statutes 1879, section 1821, which obviates the necessity of specifying in any indictment the time at which an offense was committed, where time is not of the essence of the offense, and is also supported by the following authorities: 1 Bish. Crim. Proc., secs. 386, 397, 400; 1 Whart. Crim. Law [9 Ed.] secs. 1040, 1044 and cas. cit.; *Brown v. State*, 18 Ohio St. 496; *Gravatt v. State*, 25 Ohio St. 162; *Campbell v. State*, 35 Ohio St. 70.

Where the offense of embezzlement is committed by a trusted servant, agent, clerk, etc., and where, as here, the abstractions occurred daily or whenever cupidity prompts, it is an impossible thing to describe the identical money taken or the precise date upon which it was taken; and it was this impossibility which occasioned the enactment of section 1817, *supra*, which was borrowed from an English statute, and for a similar reason, section 1821 was passed.

III. Criticism has been indulged as to the instructions given at the instance of the state; some of them are doubtless open to criticism, as will be presently seen. One of the chief objections to instructions one, two and three, is their use of this language: " With the felonious intent to deprive the said McCormick Harvesting Machine Company, a corporation, then and there, etc., *of the use thereof absolutely.*" And upon this it is

claimed that if embezzlement is to be likened to larceny, which is defined to be "the taking and removing, by trespass, of personal property which the trespasser knows to belong either generally or specially to another, with the intent to deprive such owner of his *ownership therein*" (2 Bish. Crim. Law, sec. 758), that then the instructions are faulty in not using the latter words italicized instead of those actually employed. There is some force in the criticism ; but it is not thought that the use of the words contained in the instructions as given is an error of such a nature as to authorize a new trial ; for it may well be said that to deprive the owner of the "*absolute use*" of his money, etc., is tantamount to the deprivation of the money itself—and this is doubtless the view the jury took of it.

With reference to the question raised by the third instruction aforesaid, on the point of offering to restore the money embezzled, or as to the intention of the defendant at some future time to restore such money there can be no doubt entertained as to the propriety of the instruction on those points. The offers or the intentions of the defendant were incapable of relieving the act of its criminal nature. *Commonwealth v. Tenney*, 97 Mass. 50 ; *Commonwealth v. Tuckerman*, 10 Gray, 173 ; *State v. Leicham*, 41 Wis. 565.

In a former paragraph of this opinion, sufficient has been said to indicate our views as to an instruction asked on behalf of the defendant in regard to the necessity laid upon the state of proving that he had embezzled the identical money received from his employers.

IV.   As to the order of the introduction of testimony in the lower court, that was a matter within the discretion of the trial court, as we have often decided.

V.   The only remaining point is as to the sixth instruction given on behalf of the state, and relating to the testimony of an accomplice. Just such an instruction as this was condemned in *Chiagk's case*, 92 Mo. 395. But the circumstances of this case are so widely

different from that one, the evidence of the defendant's guilt is so overwhelming, that, even if the testimony of Post, the accomplice, were thrown out of consideration, the other testimony would be all-sufficient; and the identity of the defendant as being the perpetrator of the crime is so well established *aliunde*, that after some hesitation we have concluded that no prejudicial error was committed against the defendant by giving that instruction, and consequently affirm the judgment. All concur.

